# Exhibit E

COPY

COOLEY GODWARD LLP
JOSEPH P. RUSSONIELLO (44332)
JOHANNA CALABRIA (226222)
One Maritime Plaza, 20th Floor
San Francisco, CA 94111-3580
Telephone: (415) 693-2000
Facsimile: (415) 951-3699

Attorneys for Defendant
JOHN A. HICKEY

ORIGINAL
FILED
05 MAY 24 PM 3:40
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN A. HICKEY,<br><br>Defendant. | Case No. CR 97-0218 WHA<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OR IN THE ALTERNATIVE FOR BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 21, 2005<br>Time: 2 p.m.<br>Dept.: 9, 19th floor<br>Judge: Hon. William H. Alsup<br><br>Trial Date: September 7, 2005 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on June 21, 2005 at 2 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William H. Alsup, located at 450 Golden Gate Avenue in San Francisco, California, Defendant John A. Hickey will and hereby does move for a dismissal with prejudice of newly-added Counts Twelve and Thirteen of the Superseding Indictment returned on April 27, 2005, or in the alternative, for an Order requiring production by the Government of a Bill of Particulars.

Mr. Hickey respectfully moves this Court for dismissal with prejudice of Counts Twelve and Thirteen in the Superseding Indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure upon the following grounds:

1. Counts Twelve and Thirteen were brought well beyond the applicable five year limitations period and are therefore barred. Because each of these Counts broadens or substantially amends the charges in the superseded indictment, the statute of limitations would not have been tolled as to those Counts.

2. The Government's delay in bringing Counts Twelve and Thirteen prejudices Mr. Hickey because he must now prepare to defend each of these Counts in the short amount of time that is left before his expert reports are due and trial commences.

In the alternative, pursuant to Rule 7(f) of the Federal Rule of Criminal Procedure, Mr. Hickey requests that the Government provide a Bill of Particulars containing the following information:

1. Any additional acts committed by Mr. Hickey allegedly in violation of 17 C.F.R. Section 240.10b-5 as alleged in Counts Twelve and Thirteen that are not mentioned in the Superseding Indictment.

2. Additional information regarding the manner or means by which all alleged acts in violation of 17 C.F.R. Section 240.10b-5 were committed by Mr. Hickey as alleged in Counts Twelve and Thirteen of the Superseding Indictment, including the date, time, and exact place and manner of each alleged offense.

3. Additional information regarding the manner or means by which Mr. Hickey allegedly aided and abetted violations of 17 C.F.R. Section 240.10b-5 alleged in Counts Twelve and Thirteen of the Superseding Indictment.

4. Additional information identifying transactions other than those described in the Superseding Indictment that the Government intends to introduce at trial.

///

///

///

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the Declaration of Joseph P. Russoniello in Support of Defendants' Motion to Dismiss Counts Twelve and Thirteen of the Superseding Indictment or in the Alternative for a Bill of Particulars, filed herewith, on the Court's records and files, and on such additional argument and evidence as may be presented at the hearing.

Dated: May 24, 2005

COOLEY GODWARD LLP

By: ____________________
Joseph P. Russoniello

Attorneys for Defendant
JOHN A. HICKEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

The original indictment in this case, which was returned on July 16, 1997, charged Mr. Hickey with the following: (1) 15 Counts alleging violations of the federal securities laws (Title 15, U.S.C. §§ 78j(b) and 78ffa, and Title 17, C.F.R., § 240.10b-5) (Counts 1-5, 11-20); (2) 15 Counts of mail fraud (6-10, 21-30) (in violation of 18 U.S.C. § 1341) (Counts 6-10, 21-30); and (3) 2 Counts of wire fraud (in violation of 18 U.S.C. § 1343) (Counts 31, 32). Declaration of Joseph P. Russoniello In Support of Defendants' Motion to Dismiss Counts Twelve and Thirteen of the Superseding Indictment or in the Alternative for a Bill of Particulars ("Russoniello Decl.") ¶ 2, 3.

Because the indictment contained federal securities law violations which in many ways resembled the allegations set out in a civil action brought by the Securities and Exchange Commission against Mr. Hickey, *Securities and Exchange Commission v. John A. Hickey, Mamie Tang, et al.*, USDC Case No. C94-3336 WHA, in which action Mr. Hickey was required to forfeit approximately $1.3 million in assets, Mr. Hickey mounted a challenge to the Indictment claiming, among other things, that the Indictment violated the Double-Jeopardy Clause of the United States Constitution. Russoniello Decl. ¶ 4.

On January 9, 2001, the grand jury returned a superseding indictment containing only 11 Counts which alleged violations of 18 U.S.C. § 1341 and § 1342. The superseding indictment dropped all previous Counts of securities fraud and wire fraud. Russoniello Decl. ¶ 5. The indictment was once again superseded on September 22, 2004. This second superseding indictment was identical in substance to the January 9, 2001, indictment, except that it included *Blakely* sentencing factor allegations. Like the January 9, 2001, indictment, the September 22, 2004, indictment contained no counts alleging securities fraud violations. Russoniello Decl. ¶ 7. On September 22, 2004, Joseph Russoniello substituted in for David Cohen as Mr. Hickey's counsel.

On April 27, 2005, approximately two months before the deadline for Mr. Hickey to submit expert reports and approximately four months before trial, the indictment was superseded yet again. The Superseding Indictment contains the same eleven Counts as the superseded

indictment but adds two new Counts, Counts Twelve and Thirteen, alleging that Mr. Hickey violated the federal securities laws (Title 15, U.S.C. §§ 78j(b) and 78ffa, and Title 17, C.F.R., § 240.10b-5) and aided and abetted such violations. Counts Twelve and Thirteen essentially recite the general charging language of the statute (*see* Superseding Indictment at ¶¶ 33, 35), but contain no factual allegations describing any conduct in support of the violations or any manner or means by which that conduct purportedly was committed.

## II. ARGUMENT

### A. Counts Twelve And Thirteen Should Be Dismissed Because They Were Brought Beyond The Applicable Statute Of Limitations

A superseding indictment that is brought before dismissal of the original indictment and after the statute of limitations has run is timely if the original indictment is still validly pending and if the superseding indictment does not substantially amend or broaden the original charges. *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 778 (9th Cir. 1986), *cert. denied*, 479 U.S. 988 (1986); *United States v. Grady*, 544 F.2d 598, 601-02 (2nd Cir. 1976) ("a superseding indictment brought at any time while the first indictment is still validly pending, ***if and only if it does not broaden the charges made in the first indictment***, cannot be barred by the statute of limitations")(emphasis supplied). However, if the counts in the superseding indictment "broaden[ed] or substantially amend[ed]" the charges in the original indictment, the statute of limitations would not have been tolled as to those charges. *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990) (quoting *Grady*, 544 F.2d at 602). This rule is consistent with the principal functions of statutes of limitation, which are "to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie v. United States*, 397 U.S. 112, 114-15 (1970).

The essential question is whether the two indictments are similar enough that the original indictment gave the defendant sufficient notice of the charges in the superseding indictment. *See Pacheco*, 912 F.2d at 305; *Sears*, 785 F.2d at 779 ("We compare the two indictments in order to make that determination.). In determining whether a superseding indictment materially broadens

or amends the original charges, courts consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence. *See United States v. Ben Zvi*, 168 F.3d 49, 55 (2d Cir. 1999); *cf. Stirone v. United States*, 361 U.S. 212, 217 (1960) ("trivial" or "innocuous" amendments are acceptable); *United States v. Colasurdo*, 453 F.2d 585, 591 (2d Cir. 1971), *cert. denied*, 406 U.S. 917 (1972) ("amendments of 'form' as opposed to substance are permissible") (internal quotations omitted). No single factor is determinative; rather, the "touchstone" of analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue. *See United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990).

A district court's refusal to dismiss a superseding indictment is reviewed for abuse of discretion. *See United States v. Garza-Juarez*, 992 F.2d 896, 903 (9th Cir. 1993), *cert. denied*, 510 U.S. 1058 (1994). The district court's interpretation of the charges in the two indictments is reviewed de novo. *See United States v. Boone*, 951 F.2d 1526, 1542 (9th Cir. 1991).

**1. Counts Twelve and Thirteen broaden or substantially amend the charges in the superseded indictment because they allege violations of a different statute than was previously charged.**

There can be no doubt that Counts Twelve and Thirteen in the Superseding Indictment have substantially amended the charges against Mr. Hickey. Until now, Mr. Hickey has focused his defense solely upon allegations pertaining to mail fraud under 18 U.S.C. § 1341. Russoniello Decl. ¶ 8, 9. The new counts are founded upon alleged violations of the federal securities laws, which require different elements of proof and different evidence. For instance, one possible defense available to Mr. Hickey in a federal securities case that is not available in a mail fraud case might be to show that the Fund I and Fund II were private placements outside the ambit of the federal securities laws. Such a defense would require examination of Mr. Hickey's compliance with certain technical rules and regulations and would likely require expert testimony on that subject. With only five weeks remaining before defendant's expert reports are due to be filed (and a little more than three months before trial), marshalling of such additional evidence presents an insurmountable challenge for Mr. Hickey to overcome. In a case with similar facts, the

court held that a defendant was not put on notice of the new charges contained in a superseding indictment where money laundering counts may have been part of the original scheme to defraud, but where the additional counts required, "...the defendants to defend against additional charges that alleged violations of a different statute, contained different elements, relied on different evidence, and exposed the defendants to a potentially much greater sentence." *United States v. Ben Zvi*, 168 F.3d 49, 55 (2nd Cir. 1999).

Courts that have considered analogous amendments in superseding indictments have held that charges which broaden the superseded indictment, as Counts Twelve and Thirteen do, did not relate back to the original charges and are therefore stale. In *United States v. Rounsavall*, 905 F. Supp. 662 (D. Neb. 1995), the court held that a superseding indictment for methamphetamine conspiracy and money laundering materially broadened and substantially amended the original complaint by extending the date of the conspiracy by five years and specifically linking money laundering thereto, especially where the government waited until the last moment to file the original complaint and purposefully drafted an unspecific indictment to gain tactical advantage.

Likewise, *United States v. O'Neill* involved a defendant indicted under 18 U.S.C. § 1014 for making false statements in relation to an application for a loan at a federally insured bank in order to influence the bank to approve the loan. 463 F. Supp. 1205 (E.D.Pa. 1979). Specifically, the superseding indictment involved a different false statement from the two false statements described in the first indictment. The first indictment stated that O'Neill falsely represented to a bank that insurance policies submitted as security for a loan were in full force and effect. The second indictment stated that O'Neill falsely represented to the bank that the insurance policies submitted as security had a future cash surrender value and that they had been assigned to him. The court concluded that "[t]he original indictment, ...could not have put the defendant on notice that he might face a revised indictment alleging two quite different misrepresentations." *Id.* at 1208; *see also United States v. Ratcliff*, 245 F.3d 1246, 1253-54 (11th Cir. 2001) (relation back denied where a superseding indictment expanded the original conspiracy by a dozen years, seven additional smuggling ventures, and ten additional co-conspirators).

In this case, the Government originally charged Mr. Hickey with violations of the federal

securities laws, but dropped those charges in January 2001. For the last four years, Mr. Hickey has focused his defense solely upon the mail fraud charges which he has faced since the inception of the case. Like the *O'Neill* case, the January 2001 and September 2004 indictments drew Mr. Hickey's attention away from the securities counts contained in the current Superseding Indictment. Moreover, Counts Twelve and Thirteen contain nothing but a recital of the federal securities statute and offer no insight as to whether those charges are based upon the same factual allegations as the mail fraud counts, or upon some other set of factual allegations. In short, Mr. Hickey has not been put on notice of the securities fraud charges against him in the original indictment, and therefore, those charges, albeit a part of an otherwise viable indictment, are barred. *See Italiano*, 894 F.2d at 1283.

**2. The Government's delay in charging Counts Twelve and Thirteen is prejudicial to Mr. Hickey.**

The Government should be barred from restating a new and expanded theory of culpability that it, for all intents and purposes, abandoned four years ago. Beginning in January 2001, Mr. Hickey prepared his defense in reliance on a superseding indictment that contained only mail fraud counts. In September 2004, after the indictment was again superseded but only to add post-*Blakely* sentencing enhancements, since mooted by *United States v. Booker*, 125 S.Ct. 738 (2005), Mr. Hickey and his newly retained counsel continued to concentrate his defense on that indictment and hired experts accordingly. Russoniello Decl. ¶ 8-10. Indeed, the fact that the Government dropped securities law violations it had initially brought encouraged the defendant to focus his efforts away from those charges and on mail fraud as it was alleged. *See O'Neill*, 463 F. Supp. at 1207 ("[t]he charge in the first indictment contains no mention of the specific misrepresentations charged in the second indictment. If anything, the first indictment would serve to draw the defendant's attention away from the misrepresentations alleged in the superseding bill.").

Furthermore, the addition of Counts Twelve and Thirteen is prejudicial to Mr. Hickey's appeal of the indictment on double jeopardy grounds, currently pending before the Ninth Circuit Court of Appeals. Indeed, the Government's strategy to drop the federal securities counts from the

1997 original indictment had the effect of significantly undermining Mr. Hickey's challenge to the indictment on the basis that, among other things, it violated the Double Jeopardy Clause of the United States Constitution, claims which are still the subject of appellate court review. Russoniello Decl. ¶ 4, 6. It would be patently unfair to allow the Government to avoid the challenge to the original indictment by dropping the securities charges, and now permit it to resume prosecution of those charges, particularly so close to the commencement of trial.

This case is now five weeks away from the deadline for submission of defendant's expert reports and little more than three months away from trial. If the federal securities law counts remain in the case, Mr. Hickey will have to review additional evidence, retain additional experts and submit additional expert reports in a short amount of time. Russoniello Decl. ¶ 10. There can be no plausible justification why the Government has delayed bringing of this charge until now, particularly when it originally did so when this case was first brought in 1997. To allow this amendment at this late date violates Mr. Hickey's due process right to a fair trial. Accordingly, the Government's delay should not be countenanced.[1]

**B. In The Alternative, The Government Should Be Required To Provide Mr. Hickey A Bill Of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure states that "[t]he court may direct the filing of a bill of particulars." A bill of particulars has three purposes: "[T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers*, 924 F.2d 1468, 1483

[1] A further complication if Mr. Hickey is forced to defend Counts Twelve and Thirteen arises from the substitution of his counsel which occurred at a late stage in the proceedings. As the Court is aware, the record in this case is voluminous, and the discovery is massive, but there is no evidence any discovery undertaken by prior counsel pertained to the federal securities charges before those counts were dropped from the indictment in 2001. Until now, there was no reason for Mr. Hickey's current counsel to have been involved in the gathering or reviewing of that discovery, a task which will likely be extremely time-consuming and burdensome. Russoniello Decl. ¶ 9-10.

(9th Cir. 1991); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), *cert. denied*, 444 U.S. 979 (1979).

The failure of an indictment to apprise the accused of the particular acts that the accused is alleged to have committed, so as to enable him to properly defend against the accusation, is a fatal defect. *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979); *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978); *United States v. Morrison*, 536 F.2d 286, 288 (9th Cir. 1976). The Supreme Court has recognized that:

> [a] cryptic form of indictment ... requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in gaps of proof by surmise or conjecture.

*Russell v. United States*, 369 U.S. 749, 766 (1962). While a bill of particulars cannot cure a fatally defective indictment, *Russell*, 369 U.S. at 770, it can serve to provide a defendant with essential information as to the charges brought against him. *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

Thus, an indictment must be accompanied by such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged. *Russell*, 369 U.S. at 769. The indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Id.* at 763, 768 n.15, 771; *United States v. Keith*, 605 F.2d at 464; *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), *cert. denied*, 429 U.S. 1099 (1977). To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *Cecil*, 608 F.2d at 1296.

While a district court is vested with discretion in deciding whether a bill of particulars must be provided by the prosecution, "where an indictment fails to set forth specific facts in support of

requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted); *United States v. Davidoff*, 845 F.2d 1151, 1153 (2d Cir. 1988).

**1. Any additional acts committed by Mr. Hickey allegedly in violation of 17 C.F.R. Section 240.10b-5 as alleged in Counts Twelve and Thirteen that are not mentioned in the Superseding Indictment.**

Mr. Hickey is entitled to know all acts in furtherance of the alleged scheme to defraud and/or particular alleged untrue statements or omissions upon which the prosecution intends to rely at trial, none of which is specified in the Indictment with respect to Counts Twelve and Thirteen. *United States v. Hubbard, supra*, 474 F. Supp. 64, 81 (D.D.C. 1979); *United States v. Fine*, 413 F. Supp. 740, 746 (W.D. Wisc. 1976); *United States v. Pilnick*, 267 F. Supp. 791, 801 (S.D.N.Y. 1967). To the extent the Government contends Mr. Hickey committed other acts in furtherance of this purported scheme, it should disclose those acts. Otherwise, Mr. Hickey will not be fully apprised of the charges against him and will likely be surprised at trial by evidence of such other alleged acts.

**2. Additional information regarding the manner or means by which all alleged acts in violation of 17 C.F.R. Section 240.10b-5 were committed by Mr. Hickey as alleged in Counts Twelve and Thirteen of the Superseding Indictment, including the date, time, and exact place and manner of each alleged offense.**

The Government is generally required to provide the manner or means by which alleged acts were committed, including the date, time, and exact place manner of each alleged offense. *United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979); *Naval v. United States*, 278 F.2d 611, 613-14 (9th Cir. 1960); *United States v. Smith*, 16 F.R.D. 372, 374-75 (W.D. Mo. 1954); *United States v. Lumbomski*, 277 F. Supp. 713, 719 (N.D. Ill. 1967); *United States v. Davis*, 330 F. Supp. 899, 903 (N.D. Ga. 1972); *United States v. Tanner*, 279 F. Supp. 457, 474-78 (N.D. Ill. 1969). Without information as to the specification of time, exact place or manner of alleged activities, itemization of information or documents allegedly provided, or identities of witnesses, Mr. Hickey cannot adequately prepare for trial and will likely be surprised by the Government's evidence at trial.

**3. Additional information regarding the manner or means by which Mr. Hickey allegedly aided and abetted violations of 17 C.F.R. Section 240.10b-5 alleged in Counts Twelve and Thirteen.**

Likewise, Mr. Hickey is entitled to know the particular acts upon which the Government's charge of aiding and abetting is founded. Without such information, Mr. Hickey will be unable to prepare an adequate defense to this charge.

**4. Additional information identifying transactions other than those described in the Superseding Indictment that the Government intends to introduce at trial.**

It is well-established that a defendant should be not deprived of a Bill of Particulars simply because he requests information which might be used by the government as evidence. *United States v. Crisona*, 271 F. Supp. 150, 156 (S.D.N.Y. 1967). Without this information, Mr. Hickey is likely to be surprised by the Government's evidence at trial and cannot adequately prepare his defense. Moreover, the Government should provide this information so that Mr. Hickey can determine whether he will need to make appropriate motions under Rule 403 of the Federal Rules of Evidence to exclude this evidence on the grounds that it will constitute the presentation of cumulative evidence and will be a waste of time at trial.

## III. CONCLUSION

For the foregoing reasons, Mr. Hickey respectfully requests that Counts Twelve and Thirteen in the superseding indictment be dismissed because they do not relate back to the superseded indictment and therefore fall outside of the applicable limitations period. In the alternative, Mr. Hickey requests that this Court grant his Motion for a Bill of Particulars so that he may adequately prepare a defense and avoid unfair surprise at trial.

Dated: May 24, 2005

COOLEY GODWARD LLP

By: ______________________
Joseph P. Russoniello

Attorneys for Defendant
JOHN A. HICKEY

COPY

COOLEY GODWARD LLP
JOSEPH P. RUSSONIELLO (44332)
JOHANNA CALABRIA (226222)
One Maritime Plaza, 20th Floor
San Francisco, CA 94111-3580
Telephone: (415) 693-2000
Facsimile: (415) 951-3699

Attorneys for Defendant
JOHN A. HICKEY

ORIGINAL FILED
05 MAY 24 PM 3:40
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br>v.<br>JOHN A. HICKEY,<br>Defendant. | Case No. CR 97-0218 WHA<br>**DECLARATION OF JOSEPH P. RUSSONIELLO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OF THE SUPERSEDING INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS**<br>Date: June 21, 2005<br>Time: 2 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. William H. Alsup<br>Trial Date: September 7, 2005 |

I, Joseph P. Russoniello, declare as follows:

1. I am an attorney admitted to practice law in the State of California and Senior Counsel to the law firm of Cooley Godward LLP. I am lead counsel for the defendant in the above-captioned action.

2. When I first became aware of this prosecution, I reviewed the voluminous pleading file provided to me by Mr. Hickey's prior counsel, Mr. David Cohen.

///

3. In that review, I determined that the original Indictment brought in 1997 when Assistant U.S. Attorney Robert Crowe presented the case to the San Francisco Federal Grand Jury, alleged federal securities law violations as part of the government's case.

4. I am informed by Mr. David Cohen and therefore believe that because the Indictment contained federal securities law violations which in many ways resembled the allegations set out in a civil action brought by the Securities and Exchange Commission against Mr. Hickey, *Securities and Exchange Commission v. John A. Hickey, Mamie Tang, et al.*, USDC Case No. C94-3336 WHA, in which action Mr. Hickey was required to forfeit approximately $1.3 million in assets, Mr. Hickey mounted a challenge to the Indictment claiming, among other things, that the Indictment violated the Double-Jeopardy Clause of the United States Constitution.

5. Thereafter, in about January, 2001, the grand jury returned a Superseding Indictment in 2001, presumably at the direction of Assistant U.S. Attorney Robin Harris, who was then assigned to the case, and all references to securities fraud violations were dropped.

6. Dropping those counts had the effect of significantly undermining Mr. Hickey's double-jeopardy claims which are still the subject of appellate court review.

7. When the government once again superseded the Indictment in about September 2004, it was solely for the purpose of adding post-*Blakely* decision sentencing enhancements. In all other respects the 2001 Superseding Indictment alleging mail fraud violations remained unchanged.

8. Since assuming responsibility for Mr. Hickey's defense in about September 2004, the focus of my attention has been on developing a response to the specific fraud allegations set out in the September 2004 Superseding Indictment and challenging that the U.S. mails were used to facilitate the scheme. It has not been necessary to, and I have not addressed, whether any of the conduct alleged in the Indictment might support a conviction for violation of federal securities laws. To do so would require considerably more time and effort than has been expended to date and could, depending on the government's response to defendant's Bill of Particulars, require a continuance of the trial now set to commence September 7, 2005.

///

9. Moreover, I have not considered and do not believe it relevant or proper to consider whether conduct, not alleged in the Indictment, might support a federal securities law conviction. To do so would require considerably more time and effort than has been expended to date and could, depending on the government's response to defendant's Bill of Particulars, require a continuance of the trial now set to commence September 7, 2005.

10. None of the four experts I have retained can, at this juncture, opine on whether and to what extent the conduct alleged in the Indictment would support a federal securities law violation as charged, nor can any of them be expected to render such an opinion unless and until the government has fully articulated in response to a Bill of Particulars, what conduct it contends supports such a charge. In fact, depending on the government's response to the Bill of Particulars, it may be necessary to locate and retain an additional expert who's ability to render an opinion in time for commencement of the trial is at present unknown.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26 day of May, 2005 in San Francisco, California.

Joseph P. Russoniello

COOLEY GODWARD LLP
JOSEPH P. RUSSONIELLO (44332)
JOHANNA CALABRIA (226222)
One Maritime Plaza, 20th Floor
San Francisco, CA 94111-3580
Telephone: (415) 693-2000
Facsimile: (415) 951-3699

Attorneys for Defendant
JOHN A. HICKEY

05 MAY 24 PM 3:39
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br>v.<br>JOHN A. HICKEY,<br>Defendant. | Case No. CR 97-0218 WHA<br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OF THE SUPERSEDING INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS** |

[Upon application of counsel and good cause appearing, Defendant's Motion to Dismiss Counts Twelve and Thirteen of the Superseding Indictment is hereby granted.]

[Upon application of counsel and good cause appearing, Defendant's Motion for a Bill of Particulars is hereby granted.]

**IT IS SO ORDERED.**

DATED: June ___, 2005

______________________________
THE HONORABLE WILLIAM H. ALSUP
United States District Judge

COPY

COOLEY GODWARD LLP
JOSEPH P. RUSSONIELLO (44332)
JOHANNA CALABRIA (226222)
One Maritime Plaza, 20th Floor
San Francisco, CA 94111-3580
Telephone: (415) 693-2000
Facsimile: (415) 951-3699

Attorneys for Defendant
JOHN A. HICKEY

ORIGINAL FILED
05 MAY 24 PM 3:40
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES of AMERICA,

Plaintiff,

v.

JOHN A. HICKEY,

Defendant.

Case No. CR 97-0218 WHA

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward LLP, One Maritime Plaza, 20th Floor, San Francisco, California 94111-3580. On May 24, 2005, I served the following documents in the manner described below:

- **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
- **DECLARATION OF JOSEPH P. RUSSONIELLO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS;**

- [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS TWELVE AND THIRTEEN OF THE SUPERSEDING INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☒ (BY MESSENGER SERVICE) by consigning the documents to an authorized courier and/or process server for hand delivery on this date.

on the following party in this action:

AUSA Chris Steskal, Esq.
Office of the U.S. Attorney
Northern District of California
450 Golden Gate Avenue, 11th Floor
Box 36055
San Francisco, CA 94102

Executed on May 24, 2005, at San Francisco, California.

Patricia Moyes